[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Henry C. Messenger and James R. Davis are prisoners at the Connecticut Correctional Institution in Somers. The plaintiffs allege that on April 25, 1993, they wrote to the defendant, the Waterbury Branch office manager of the Department of Motor Vehicles, asking for "license plate information, title information, driver license history information, tax information, and all current motor vehicle information" concerning fifteen named individuals. The plaintiffs made this request pursuant to the state Freedom of Information Act, General Statutes 1-15 through 1-21(k). On May 19, 1993, the plaintiffs sent an "appeal notice" to the defendant stating, "I have sent this letter as an official notice that I will seek judicial relief in regards to this [dilemma] if said files are not forwarded to me within 4 days."
The plaintiffs did not receive a response from the defendant. On June 1, 1993, the plaintiffs filed the present lawsuit. In their complaint, the plaintiffs allege that this is an action under the Public Records and Meeting Act as outlined in General Statutes 1-7 through 1-21. The plaintiffs further allege that the court has jurisdiction over the matter according to General Statutes 44-183 and 52-64. The plaintiffs consider their request for records denied and, therefore, they ask the court to declare that the defendant's actions violated the public records disclosure requirement of the Freedom of Information Act. The plaintiffs further request the court to order that the defendant provide the plaintiffs with the CT Page 10097 requested information. A show cause hearing on the plaintiffs' application for a preliminary injunction was scheduled for August 2, 1993.
On July 21, 1993, the defendant simultaneously filed a motion to postpone the show cause hearing and a motion to dismiss for lack of subject matter jurisdiction on the basis that the plaintiffs have not exhausted their administrative remedies. The defendant states that the show cause hearing is an exercise of jurisdiction and therefore requests that the hearing be postponed until the motion to dismiss is ruled upon.
On July 24, 1993, the plaintiffs filed an "[A]nswer and [rebuttal] to defendant's motion to dismiss and motion to postpone show cause hearing." The court, Harrigan, J., continued the hearing until the motion to dismiss is resolved.
On August 2, 1993, the court consolidated this action with Docket No. CV 93-0115287S, Michael Scatena and James Davis v. Waterbury Branch Manager, Connecticut Department of Motor Vehicles and Louis S. Goldberg, Commissioner of Motor Vehicles. In both cases, the plaintiffs have requested virtually identical information on a number of different individuals from the Department of Motor Vehicles. The complaints, motions, and affidavits in both actions are virtually identical, raising the same legal issues in both cases. Furthermore, James Davis is a plaintiff in both matters.
On September 13, 1993, the defendant submitted a supplemental motion to dismiss adding that the present action should be dismissed due to the doctrine of sovereign immunity and due to the fact that no appealable final decision exists as required in General Statute 4-183.
In support of the motion to dismiss, the defendant submits the affidavit of Debra L. Rembowski, who states that she is a clerk for the Freedom of Information Commission (FOIC). She further states that she conducted a search of the records of the FOIC and failed to find any record of an appeal filed by the plaintiffs.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Citations omitted.) Gurliacci v. Mayer, CT Page 10098218 Conn. 531, 544, 590 A.2d 914 (1991). The motion to dismiss is the appropriate procedural device to challenge the court's subject matter jurisdiction; Practice Book 143, McCutcheon 
Burr Inc. v. Berman, 218 Conn. 512, 517, 590 A.2d 438 (1991); and, the issue can be raised at any time. Monroe v. Monroe,177 Conn. 173, 177, 413 A.2d 819 (1979). Once brought to the attention of the court, the issue of subject matter jurisdiction must be immediately acted upon by the court; Gurliacci v. Mayer, supra, 545; and, "whenever a court discovers that it lacks jurisdiction, it is bound to dismiss the case." (Internal quotation marks omitted; citation omitted.) Cahill v. Board of Education, 198 Conn. 229, 238, 502 A.2d 410 (1985). The motion to dismiss admits all well-pleaded facts, and the court may look to the pleadings, the record, and any affidavits in determination of the jurisdictional issue. Barde v. Board of Trustees, 207 Conn. 59 62, 539 A.2d 1000 (1988).
The exhaustion doctrine implicates subject matter jurisdiction, therefore, the court must decide as a threshold matter whether that doctrine requires dismissal of the plaintiffs' claim. Concerned Citizens of Sterling v. Town of Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987).
In the present case, the plaintiffs allege that according to the procedures of the FOIC an incarcerated person cannot appear personally before the commission, instead, the prisoner must designate a representative to go on his behalf. The plaintiffs state that they attempted to find a representative, yet were unsuccessful. The plaintiffs therefore assert that they have exhausted their administrative remedies and are entitled to judicial relief pursuant to General Statutes 4-183.
"A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." General Statutes 4-183(a). "[T]he legislature did not intend to authorize a right of appeal to the Superior Court from every determination of an administrative agency." Summit Hydropower v. Commr. of Environmental Protection, 226 Conn. 792,800, ___ A.2d ___ (1993). Accordingly, there are various requirements which must be fulfilled in order to appeal an administrative decision. First, an appeal from an administrative agency is available only when there is strict compliance with the statute granting such an appeal. Tarnapol v. Conn. Siting Council, 212 Conn. 157, 163-64, 561 A.2d 931
CT Page 10099 (1989). Second, the appeal must be from a final agency decision. General Statutes 4-183; Summit Hydropower v. Commr. of Environmental, supra, 799. A final decision is defined as "the agency determination in a contested case. . ." (Internal quotation marks omitted.) Id. Third, in order to have standing to bring an administrative appeal, a person or entity must establish that he is aggrieved by a decision of the agency. Kelly v. Freedom of Information Commission, 221 Conn. 300, 308,603 A.2d 1131 (1992).
Fourth, "[i]t is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted; citation omitted.) Pet v. Department of Health Services, 207 Conn. 346,350-51, 542 A.2d 672 (1988). "The doctrine of exhaustion fosters the orderly processes of administrative adjudication and judicial review by providing the reviewing court with the benefit of the agency's findings and conclusions." Payne v. Fairfield Hills Hospital, 215 Conn. 675, 679, 578 A.2d 1025
(1990). "Accordingly, a party who has a statutory right of appeal from a decision of an administrative agency may not bring an independent action to test the very issue that the statutory appeal was designed to test." Id.
In the present case, the plaintiffs' letters to the defendant do not refer to a specific statute. However, it is evident from the "appeal notice" in which they give the defendant four days to respond that they are asserting their claim pursuant to General Statutes 1-21i(a). "[A]ny denial of the right to inspect or copy records provided for under section1-19 shall be made to the person requesting such right by the public agency official who has custody or control of the public record, in writing, within four business days of such request. . . Failure to comply with a request to so inspect or copy such public record within the applicable number of business days shall be deemed a denial." General Statutes 1-21i(a).
A statute should be read as a whole and interpreted so as to give effect to all of its provisions. Pintaville v. Valkanos, 216 Conn. 412, 418, 581 A.2d 1050. By attempting to use General Statutes 1-21i to obtain public records, the plaintiffs thereby subject themselves to other relevant provisions of that statute. Subsection (b) of General Statutes1-21i specifically sets forth the proper appeal procedure for CT Page 10100 a person who has been denied access to public records. "Any person wrongfully denied the right to attend any meeting of a public agency or denied any other right conferred by sections 1-15,1-18a, 1-19 to 1-19b, inclusive, 1-20a and 1-21 to 1-21k, inclusive, may appeal therefrom to the freedom of information commission, by filing a notice of appeal with said commission." General Statutes 1-21i(b).
According to General Statutes 1-21i, the plaintiffs' remedy for the denial of public records lies with the FOIC, yet the plaintiffs brought the action directly to the superior court. Therefore, absent any qualified exception to the exhaustion doctrine, the plaintiffs have failed to exhaust their administrative remedies because they have not yet participated in any stage of the administrative process afforded them.
There are some exceptions to the exhaustion doctrine, "although we have recognized such exceptions only infrequently and only for narrowly defined purposes." Lacroix v. Board of Education, 199 Conn. 70, 79, 505 A.2d 1233 (1986). Included among the exceptions is the situation where recourse to the administrative remedy would be futile or inadequate; Greenwich v. Liquor Control Commission, 191 Conn. 528, 541-42,469 A.2d 382 (1983); or where there is a constitutional challenge to the propriety of the procedures followed by the administrative agency. Lacroix v. Board of Education, supra. 79.
Futility, however, is "more than a mere allegation that the administrative agency might not grant the relief requested. In most instances, we have held that the failure to exhaust an administrative remedy is permissible only when the administrative remedy would be useless." Concerned Citizens of Town of Sterling v. Sterling, supra, 560. "An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief." Cannata v. Department of Environmental Protection, 215 Conn. 616, 628, 577 A.2d 1017
(1990).
The plaintiffs do not claim that there is a constitutional challenge to the propriety of the agency procedures. Instead, the plaintiffs contend that they are entitled to direct judicial review because an appeal to the FOIC is impossible due to the requirement that the plaintiffs designate a representative to act on their behalf. The impossibility of obtaining adequate relief maybe grounds in some situations for dispensing with the CT Page 10101 administrative requirement. See Greenwich v. Liquor Control Comm'n, supra, 541. However, the FOIC requirement does not make it impossible for the plaintiffs to obtain adequate relief. The FOIC appeal procedure is still readily accessible to the plaintiffs. The plaintiffs can choose a friend, a spouse or other family member, or a representative from a prison assistance group who would suffice as a representative for a proper hearing. FOIC Reg. 1-21j-29 (1984). Furthermore, once a proper hearing is conducted, the FOIC explicitly has the authority to grant the requested relief under General Statutes1-21i(b).[1]
Accordingly, the plaintiffs have failed to exhaust their administrative remedies and fail to come under any exception to the exhaustion doctrine. The court, therefore, lacks jurisdiction over the matter and must grant defendant's motion to dismiss.
The motion to dismiss is granted on the basis of the plaintiffs' failure to exhaust administrative remedies.
Therefore, the court need not address the defendant's other claims for dismissal.
WEST, J.