[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1993, the plaintiff, Rubber Avenue Enterprises, Inc., CT Page 7337 filed a complaint against the defendant, Wes Cadillac-Oldsmobile, Inc. In the complaint, the plaintiff alleges that in July 1985, the defendant breached an oral contract to exchange a defective 1984 Cadillac and $4,000.00 for a 1986 Cadillac. The plaintiff also alleged that the defendant orally agreed to this exchange with the plaintiff's corporate predecessor, Murtha Trucking Company, Inc. In count two, the plaintiff alleges a claim for conversion of the 1984 Cadillac, which was delivered to the defendant in July 1985.
The defendant has now filed a motion for summary judgment. In support of its motion, the defendant filed the affidavit of William Strakosch, Jr., vice president of the defendant. Strakosch states that on February 27, 1987, the plaintiff brought an action alleging the same claims as those in the present case, and that the case was dismissed on June 23, 1989. Strakosch also states that a second action containing the same allegations was brought on October 4, 1989, and dismissed by the court on November 9, 1992. The defendant attached to Strakosch's affidavit a copy of a judgment of dismissal notice for Murtha Trucking Company, Inc. v. Wes Cadillac-Olds, Inc., Superior Court, judicial district of Waterbury, Docket No. 079496 (June 23, 1989) that indicates the matter was dismissed pursuant to Practice Book § 251 (lack of diligent prosecution). The defendant also attached the memorandum of decision dismissingMurtha Trucking Company, Inc. v. Wes Cadillac-Oldsmobile,Inc., Super. Ct., judicial district of Waterbury, Docket No. 093108 (November, 9, 1992, Blue, J.). The second action was dismissed after the case was tried to the court because the named plaintiff, Murtha Trucking Company, Inc., no longer existed, and all its rights of action had been transferred to Murtha Waste Control Corporation as a result of a merger. Since Murtha Trucking Company, Inc. was no longer the proper plaintiff, that action was dismissed.
A motion for summary judgment should be granted when the evidence produced by the parties show that there are no material facts in dispute and the movant is entitled to judgment as a matter of law. Scrapchansky v. Plainfield, 226 Conn. 446, 450,627 A.2d 1329 (1993). The evidence must be viewed in the light most favorable to the nonmovant. Id. Summary judgment is appropriate for deciding a statute of limitations defense. SeeCatz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
The defendant argues that the claims of breach of oral CT Page 7338 contract and conversion are barred by the statute of limitations, General Statutes §§ 42a-2-725 (1) and 52-577 and that General Statutes § 52-592 does not apply to this matter as the third suit was not brought within one year of the dismissal of the first suit. Furthermore, defendant argues that the second dismissal was entered after a trial, and therefore does not qualify under § 52-592 as a dismissal as a matter of form.
The plaintiff argues that General Statutes § 52-592 is remedial and, therefore, should be construed liberally so that the term "original action" includes the second dismissal. The plaintiff also argues that the second action's dismissal was a matter of form.
The breach of contract and conversion alleged occurred in July 1985. The four year limitation for an oral contract ran on July 1989 and the three year limitation for a tort ran on July 1988. The first action was dismissed in June 1989. The second action was not commenced until October 1989, after both statutes of limitations had run. The second action was brought pursuant to the savings statute, General Statutes § 52-592, which allows the plaintiff to refile the action within one year of the dismissal of the original action if the dismissal was entered based on a matter of form. Murtha Trucking Company, Inc. v. WesCadillac-Olds, Inc., supra, 093108, (March 26, 1990, Barnett, J.) (motion to dismiss denied, plaintiff holding the action was brought pursuant to General Statutes § 52-592); see alsoPintavalle v. Valkanos, 216 Conn. 412, 414, 581 A.2d 1050
(1990) (savings statute applies to dismissal under Practice Book § 251).
General Statutes § 52-592 (a) provides:
 If any action, commenced within the time limited by law, has failed on or more times to be tried on its merits because . . . the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . .
"[T]he term `original action' means the first action filed by the plaintiff within the period allowed by the relevant statute of limitation." Pintavalle v. Valkanos, supra 216 Conn. 415. CT Page 7339 In Pintavalle, the court stated:
 [C]onstruing "original action" to mean the next preceding action would have the effect of permitting a potentially limitless extension of time to file succeeding actions. This would defeat the basic purpose of statutes of limitation, namely, promoting finality in the litigation process. Although § 52-592
is a remedial statute and must be construed liberally, it should not be construed so liberally as to render statutes of limitation meaningless.
(Citations omitted.) Id., 417; see also Ayala v. Zachary,4 Conn. L. Rptr. 126 (June 3, 1991, Murray, J.) ("original action" means last action filed within time limitation, so that defendant gets one chance to use the savings statute). In the present case, the plaintiff has already had the one opportunity to invoke the savings statute in the second action. The plaintiff, however, is not given repeated opportunities to do so.
Accordingly, the defendant's motion for summary judgment should be and is granted.
/s/ McDonald, J. McDONALD