## Frank F. Pintavalle, Conservator (Estate of Gary A. Pintavalle) v. Dimitrios Valkanos (13964)

Peters, C. J., Callahan, Covello, Hull and Borden, Js.

Argued September 26—decision released November 6, 1990

*Kenneth A. Paskowitz,* with whom, on the brief, was *Kenneth I. Friedman,* for the appellant (plaintiff).

*William C. Turney,* for the appellee (defendant).

CALLAHAN, J. The sole issue in this appeal is the proper interpretation of General Statutes § 52-592, the accidental failure of suit statute.[1] The trial court granted the defendant's motion for summary judgment, concluding that the plaintiff did not comply with the limitation provisions of General Statutes § 52-584[2] and that the provisions of § 52-592 (a) were not applicable and could not save the plaintiff's suit from being time barred. The plaintiff appealed to the Appellate Court, and we transferred the matter to this court pursuant to Practice Book § 4023. We agree with the trial court's interpretation of § 52-592 (a) and affirm its granting of the defendant's motion for summary judgment.

[1] General Statutes § 52-592 provides in pertinent part: "ACCIDENTAL FAILURE OF SUIT; ALLOWANCE OF NEW ACTION. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[2] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

The relevant facts are not in dispute. On October 6, 1984, Gary A. Pintavalle was severely injured in an automobile accident. On September 30, 1986, the plaintiff, John F. Pintavalle, conservator for Gary A. Pintavalle, brought an action against the defendant, Dimitrios Valkanos, doing business as Family Pizza House. The complaint alleged that the defendant had been grossly negligent and had acted in a wanton and reckless manner in serving alcohol to the driver of the car in which Gary A. Pintavalle was injured. On January 8, 1987, the first suit was dismissed due to improper service of process.

On February 9, 1987, the plaintiff filed a second suit based on the same cause of action. Although the second suit was filed more than two years after the date of the accident, it was not time barred by § 52-584 because § 52-592 (a) permits the filing of a new action within one year of the dismissal of the original action for insufficient service if the original action was timely filed. On December 9, 1988, this second suit was dismissed for failure to prosecute with reasonable diligence pursuant to Practice Book § 251.[3] On April 6,

---

[3] "[Practice Book] Sec. 251. DISMISSAL FOR LACK OF DILIGENCE

"If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests.

"If a case is printed on a dormancy calendar pursuant to the dormancy program administered under the direction of the chief court administrator, and a motion for default for failure to plead is filed pursuant to Sec. 128, only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders."

In *Lacasse* v. *Burns*, 214 Conn. 464, 474, 572 A.2d 357 (1990), we held that a dismissal of an action pursuant to Practice Book § 251 constitutes a failure "for any matter of form" within the meaning of General Statutes § 52-592 (a).

1989, the plaintiff filed a third suit against the defendant. The trial court granted the defendant's motion for summary judgment, concluding that this third suit was time barred under § 52-584 because it had not been brought within two years of the date of the accident. The trial court also held that the third suit was not saved by § 52-592 (a) because it had not been brought within one year of the dismissal of the first suit.

Section 52-592 (a) provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the *original action* or after the reversal of the judgment." (Emphasis added.)

The dispositive issue in this case is the meaning of the term "original action" in § 52-592 (a). The defendant argues that "original action" means the first action filed by the plaintiff within the period allowed by the relevant statute of limitations. Under this interpretation, § 52-592 (a) cannot operate to save the plaintiff's third suit because it was filed more than one year after the dismissal of the first suit. The plaintiff asserts, to the contrary, that "original action" refers to either (1) the next preceding action, or (2) the first action over which the court has jurisdiction. Under either of these interpretations the plaintiff's third action would be saved by § 52-592 (a) because it was brought within one year of the dismissal of the second suit. We agree with the defendant's interpretation.

The Appellate Court addressed this same issue in *Marangio* v. *Shop Rite Supermarkets, Inc.,* 11 Conn. App. 156, 525 A.2d 1389, cert. denied, 204 Conn. 809, 528 A.2d 1155 (1987). Relying upon canons of statutory construction and upon the interplay between the words "new action" and "original action" in § 52-592 (a), the court concluded that "original action" means the first action brought by the plaintiff within the period of the applicable statute of limitations. Id., 159–60. The Appellate Court noted that "[t]he statute does not say 'may continue the action by bringing suit within one year,' or use any words other than those which contemplate an end to the *original action* and the commencement of a *new* action within one year of the end of the *original action*." (Emphasis in original.) Id., 160. We find the reasoning of the Appellate Court persuasive and conclude that § 52-592 (a) does not save the plaintiff's third attempt to commence his action.

In arguing that "original action" means the next preceding action, the plaintiff asserts that we must consider the following language from § 52-592 (a): "If any action, commenced within the time limited by law, has failed *one or more times* to be tried on its merits . . . the plaintiff . . . may commence a new action . . . ." (Emphasis added.) Noting that this court has consistently held that § 52-592 is a remedial statute and is to be interpreted liberally; *Isaac* v. *Mount Sinai Hospital,* 210 Conn. 721, 728, 557 A.2d 116 (1989); the plaintiff claims that the use of the phrase "one or more times" indicates that the legislature intended to permit plaintiffs to bring a potentially unlimited number of suits as long as each action is brought within one year of the failure of the prior action.

"The words of a statute are to be given their commonly approved meaning unless a contrary intent is clearly expressed." *Kilpatrick* v. *Board of Education,* 206 Conn. 25, 28, 535 A.2d 1311 (1988). In the absence

of ambiguity, statutory language should be given its plain and ordinary meaning. *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978). The plaintiff's interpretation of the term "original action" as meaning the next preceding action tortures the language of § 52-592 (a) and ignores its plain meaning.[4] "Original" is defined as "of or relating to a rise or a beginning: existing from the start . . . ." Webster's Third New International Dictionary. In the context of § 52-592 (a), "original action" is used to refer to the *first* action filed by the plaintiff within the period of the applicable statute of limitations.

As the Appellate Court recognized, construing "original action" to mean the next preceding action would have the effect of permitting a potentially limitless extension of the time to file succeeding actions. *Marangio* v. *Shop Rite Supermarkets, Inc.,* supra, 160. This would defeat the basic purpose of statutes of limitation, namely, promoting finality in the litigation process. Id. Although § 52-592 is a remedial statute and must be construed liberally; *Isaac* v. *Mount Sinai Hospital,* supra, 728; it should not be construed so liberally as to render statutes of limitation virtually meaningless.[5]

---

[4] The plaintiff recognizes that another possible interpretation of the "one or more times" language in General Statutes § 52-592 (a) is that this clause is meant to address cases where an action filed within the limitations period fails for a matter of form more than once and the plaintiff brings two or more new actions within one year of the determination of the original action. We find this interpretation to be consistent with the language and remedial purpose of the statute.

[5] In his brief, the plaintiff cites *Parrish* v. *Uzzell,* 41 N.C. App. 479, 484–85, 255 S.E.2d 219 (1979), in which a North Carolina statute concerning the effect of voluntary dismissals was construed as allowing a potentially unlimited series of actions based on the same claim as long as the most recent action was brought within one year of the voluntary dismissal of the preceding action. We are aware of no other jurisdictions that have reached a similar conclusion, and the great weight of authority favors a construction of accidental failure of suit statutes consistent with our

The plaintiff argues in the alternative that "original action" should be interpreted to mean the first action over which the court has jurisdiction. Since the plaintiff's first action was dismissed for improper service of process, under this interpretation the plaintiff would have been entitled to file his third action within one year of the dismissal of the second action.

This interpretation must fail as well. A statute should be read as a whole and interpreted so as to give effect to all of its provisions. *Hayes* v. *Smith,* 194 Conn. 52, 58, 480 A.2d 425 (1984); *Finkenstein* v. *Administrator,* 192 Conn. 104, 110, 470 A.2d 1196 (1984). Section 52-592 (a) expressly provides that one of the causes of a failure of suit that its provisions are designed to address is a failure when "the action has been dismissed for want of jurisdiction." Section 52-592 (a) anticipates that dismissals for lack of jurisdiction are covered by its provisions and provides that a new action would have to be filed within one year of such a dismissal in order to be saved by § 52-592 (a). Under the plaintiff's interpretation, § 52-592 (a) would have to be read as meaning that a party whose suit is dismissed for lack of jurisdiction either (1) has an unlimited period of time in which to file a new action, since the one year time limit would not apply until the court has jurisdiction, or (2) cannot file a new action under § 52-592 (a) because this section does not apply unless the court has jurisdiction. Both of these interpretations conflict with the plain language of the statute and thus "original action" cannot mean the first action over which the court has jurisdiction.

interpretation of General Statutes § 52-592 (a). See, e.g., *Smith* v. *Chicago Transit Authority,* 67 Ill. App. 3d 385, 388, 385 N.E.2d 62 (1978); *Denton* v. *Atchison,* 76 Kan. 89, 91–93, 90 P. 764 (1907); *Cady* v. *Harlan,* 442 S.W.2d 517, 519–20 (Mo. 1969); *Bush* v. *Cole,* 1 Ohio App. 269, 271–72 (1913), aff'd, 91 Ohio St. 369, 110 N.E. 1056 (1914); *Walker* v. *L. E. Meyers Construction Co.,* 175 Okla. 548, 550, 53 P.2d 547 (1935); *Reed* v. *Cincinnati, N.O. & T.P. Railroad Co.,* 136 Tenn. 499, 503–504, 190 S.W. 458 (1916).

We hold that under the provisions of § 52-592 (a) "original action" means the first action filed within the time allowed by the applicable statute of limitations. This interpretation is consistent with the plain meaning of the statute and protects the policy concerns underlying statutes of limitation.

The judgment is affirmed.

In this opinion the other justices concurred.