[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: (#106) MOTION FOR SUMMARY JUDGMENT
The complaint alleges that the defendant issued a policy to the plaintiff affording her coverage for medical expenses incurred in connection with a cerebral aneurysm suffered in May 1983. The instant action was instituted in November 1990. CT Page 7188
Paragraph 8 of said complaint alleges that said action was commenced pursuant to 52-592 Connecticut General Statutes "as a result of an accidental failure of suit."
The defendant in its answer admits the issuance of the policy but denies that this action "is a result of an accidental failure of suit and denies that it is properly brought pursuant to Connecticut General Statutes 52-592". The defendant also filed a special defense alleging in substance that the action is barred by a policy provision including institution of suit "more than three years after the date proof of loss is required."
Historically it should be noted that the plaintiff instituted two earlier actions. The first action which was instituted in a timely fashion was dismissed on June 25, 1987 for failure to appear for trial. A second suit which was instituted in March 1989 was dismissed in December 1989 for failure to prosecute it with reasonable diligence (Practice Bk. 251). No motion to reopen dismissal was filed. The action was not instituted within the time permitted under the accidental failure of suit statute but plaintiff claims it was instituted within applicable period of limitations.
A fair reading of the complaint indicates that the present action is a suit on a policy and not one for breach of contract to furnish a policy as argued by plaintiff's counsel.
Motion for Summary Judgment is granted on the following grounds:
 (1) The present action was not brought within one year of the determination of the original action. Pintavalle v. Valkanos, 216 Conn. 412, 415.
 (2) Period of limitations for which provision is made in policy is a condition precedent to a recovery. The accidental failure of suit statute is not applicable to situations involving limitations provided by contract but only to limitations provided by law. Sacks Realty Co. v. Newark Insurance Co., 34 Conn. Sup. 564.
John C. Flanagan, Judge