In re Cheryl L. HAMPTON, Debtor.

**PROSPECT GROVE CONDOMINIUM ASSOCIATION, Movant,**

v.

**Cheryl L. HAMPTON, Respondent.**

**Bankruptcy No. 91–52286.**

United States Bankruptcy Court, D. Connecticut.

June 29, 1992.

Maria Raus, Freccia & Plotkin, Stamford, Conn., for Prospect Grove Condominium Ass'n.

Richard J. Shapiro, Weinstein, Weiner & Shapiro, P.C., Bridgeport, Conn., for debtor.

## MEMORANDUM AND ORDER ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

ALAN H.W. SHIFF, Bankruptcy Judge.

The Prospect Grove Condominium Association objects to the confirmation of the debtor's Revised Chapter 13 Plan, claiming, *inter alia,* that the debtor has failed to include its prepetition attorney's fees and costs in its allowed secured claim. For the reasons that follow, Prospect Grove's objection is sustained.

### BACKGROUND

The debtor is the owner of Unit G–5D, a condominium located at Prospect Grove Condominiums in Stamford, Connecticut. On January 15, 1991, Prospect Grove commenced a foreclosure proceeding in the Connecticut Superior Court after the debtor became delinquent on her condominium fees and charges, and on June 10, a judgment of foreclosure by sale entered in its favor. On August 21, 1991, the debtor filed a petition under Chapter 13.

The debtor's Revised Chapter 13 Plan (the "Plan") states that Prospect Grove's secured claim is $1,200.00, representing six months of unpaid common charges. Prospect Grove's objection is that its statutory

lien under Conn.Gen.Stat. § 47–258 requires the debtor to include its prepetition attorney's fees and costs in its secured claim.

## DISCUSSION

Conn.Gen.Stat. § 47–258(a) provides in relevant part that

[t]he [condominium] association has a statutory lien on a unit for any assessment levied against that unit ... from the time the assessment ... becomes delinquent. Unless the [association's] declaration otherwise provides, fees, charges, late charges, fines and interest charged pursuant to subdivisions (10), (11) ... of subsection (a) of section 47–244 are enforceable as assessments under this section.

Conn.Gen.Stat.Ann. § 47–258(a) (West 1986).

Conn.Gen.Stat. § 47–244(a)(10) permits an association to impose and receive fees or charges for the common areas; subsection (a)(11) allows an association to impose late charges and interest on the late payment of assessments.

Prior to its July 5, 1991 amendment, Conn.Gen.Stat. § 47–258(b) provided that an association's lien was given priority over certain other liens to the extent of the common charges incurred in the six months prior to a foreclosure action. The amendment to that subsection, which is applicable in this case, provides in relevant part:

The lien [under subsection (a)] is also prior to all other liens and encumbrances on a unit ... to the extent of *(A) an amount equal to* the common expense assessments ... which would have become due ... during the six months immediately preceding institution of an action to enforce ... the association's lien ... *and (B) the association's costs and attorney's fees in enforcing its lien. A lien for any assessment or fine specified in subsection (a) of this section shall have the priority provided for in this subsection in an amount not to exceed the amount specified in subparagraph (A) of this section*.... (emphasis included in amendment)

Conn.Gen.Stat.Ann. § 47–258(b) (West Supp.1991).

Prospect Grove contends that the amendment to § 47–258(b) allows the inclusion of its attorney's fees and costs in the priority portion of its lien. The debtor counters that the purpose of the amendment was to clarify that the lien was limited by an absolute amount rather than by a time restriction, *i.e.,* only those delinquent charges in the immediate six months prior to foreclosure. Thus, the debtor argues that although subsection (b) states that there is a superpriority to the extent of subparagraphs (A) and (B), the aggregate amount may not "exceed the amount specified in subparagraph (A)." In support of that claim, the debtor cites to Caron, *Connecticut Foreclosures,* § 12.01B at 192–94 (2nd ed. 1989). She concludes that § 47–258 is consistent with other statutory liens which add attorney's fees and costs to a judgment rather than as part of a lien, *see Connecticut Foreclosures,* §§ 13.07A and 14.08, and notes that the language of subparagraph (B) in subsection (b) refers to costs associated with "enforcing its lien", not costs as part of its lien.

The starting point of any statutory construction is the language of the statute. *Sanzone v. Board of Police Commissioners,* 219 Conn. 179, 187, 592 A.2d 912 (1991). The statute should be read as a whole, reconciling and giving effect to all its parts. *Pintavelle v. Valkanos,* 216 Conn. 412, 418, 581 A.2d 1050 (1990) (citations omitted). Moreover, courts must presume that the legislature did not intend meaningless legislation. *Union Trust Co. v. Heggelund,* 219 Conn. 620, 626, 594 A.2d 464 (1991).

The first question is whether § 47–258(a) expressly provides for the inclusion of attorney's fees and costs. It does not. While the language of that subsection provides for fees, it is apparent that the provision applies only to fees charged as an assessment pursuant to certain subdivisions of Conn.Gen.Stat. § 47–244(a) which

do not encompass attorney's fees and costs.[1]

It must next be determined whether the amendment to subsection (b) alters that result. I conclude that it does. Although the debtor argues that subsection (b) merely allows an association to recover attorney's fees and costs where the amount of its § 47–258(a) lien does not exceed an amount equal to the relevant six months of common charges, such an interpretation ignores the fact that the phrase "an amount equal to" only modifies subparagraph (A). Thus, the limitation imposed by that phrase only applies to that subparagraph.

Moreover, it is noted that the amendment expressly adds in subparagraph (B) an association's attorney's fees and costs to the superpriority lien established in subsection (a). By inserting in subparagraph (A) the phrase "an amount equal to" before the six months of common charges and by adding the last sentence in subsection (b), the legislature must have intended to impose a mathematical limitation on delinquent common charges. However, by adding subparagraph (B) preceded by the conjunction "and", the legislature also expanded the superpriority lien to include attorney's fees and costs. Since attorney's fees and costs were not previously included in the lien under § 47–258, the only plausible reading of the statute as amended is that those expenses are now intended to be part of the superpriority lien.

That conclusion is supported by the only Connecticut court which has construed § 47–258, holding that a condominium association's superpriority lien includes attorney's fees and costs. *See Harbour Landing Condominium Prospect Grove v. Siwel, Inc.*, No. CV 91–0322000 S, 1992 WL 24352 (Conn.Super. Jan. 28, 1992). That court determined that "[t]he sentence following subparagraph (B) does not relate to the sentence immediately preceding it, but

rather limits the amount of the priority in relation to 'all other liens and encumbrances' to six months of common expense assessments." *Id.* at *3. The court went on to state that "[t]he amendment of § 47–258(b) ... clearly indicates an intent on the part of the legislature that the [superpriority] lien include the association's costs and attorneys' fees", *id.* at *3–4, and that its interpretation gave effect to the entire subsection (b), *Id.* at *5. *See also Connecticut Foreclosures*, § 12.05 at 198 (1991 Supp. to 2nd ed.) ("[Public Act] 91–539 has amended section 47–258, subsection (b), to clarify that the association's costs and attorney's fees in enforcing its lien are allowed the same priority as the six months of common charges").[2] Accordingly, I conclude that the secured claim of Prospect Grove must include its prepetition attorney's fees and costs, and therefore, the Plan is not confirmable.

## CONCLUSION

For the foregoing reasons, the objection of Prospect Grove is sustained; the debtor's Revised Chapter 13 is not confirmable; and IT IS SO ORDERED.

---

1. That conclusion defeats the contested claim made by Prospect Grove that its lien includes attorney's fees and costs because those expenses are defined as 'assessments' under § 7.5 of its By-Laws. Even assuming arguendo that were the case, enforceable assessments under § 47–258(a) are circumscribed by § 47–244(a).

2. It is noted that the authority cited in *Connecticut Foreclosures* by the debtor is relevant primarily to an interpretation of § 47–258(b) prior to its amendment. The debtor apparently overlooked the latest supplement to that authority which appears to be contrary to her position.