[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Henry C. Messenger and James R. Davis, prisoners at the Connecticut Correctional Institution in Somers, allege that on July 3, 1993, they wrote to the defendant, the Chief of Police, Borough of Naugatuck, asking for "[a] complete list of all active employees of your department including all personal, birth and tax records in your public files." The plaintiffs made this request pursuant to the state Freedom of Information Act, General Statutes 1-15 through 1-21(k). On August 3, 1993, the plaintiffs sent an "appeal notice" to the defendant, stating, "[if there is] a failure to respond to this appeal, I will have no other means of appeal except judicial relief provided under C.G.S. 52-64 and 4-183."
The plaintiffs did not receive a response from the defendant and on September 9, 1993, filed a complaint for declaratory and injunctive relief. In their complaint, the plaintiffs allege that this is an action under the Public Records and Meeting Act, as outlined in General Statutes 1-7 through 1-21, and that the court has jurisdiction over the matter pursuant to General Statutes 4-183 and 52-64. The plaintiffs also allege that they consider their request for records denied and therefore, ask the court to declare that the defendant's actions violated the public records disclosure requirement of the Freedom of Information Act. The plaintiffs further request that the court order the defendant to provide them with the requested information.
On September 22, 1993, the defendant filed a motion to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction on the ground that the plaintiffs have not exhausted their administrative remedies.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Citations omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). The motion to dismiss is the appropriate procedural device to challenge the court's CT Page 10448 subject matter jurisdiction; Practice Book Sec. 143; McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 517, 590 A.2d 438 (1991); and, the issue can be raised at any time. Monroe v. Monroe,177 Conn. 173, 177, 413 A.2d 819 (1979). Once brought to the attention of the court, the issue of subject matter jurisdiction must be immediately acted upon by the court; Gurliacci v. Mayer, supra, 545; and "whenever a court discovers that it lacks jurisdiction, it is bound to dismiss the case." (Internal quotation marks omitted; citation omitted.) Cahill v. Board of Education, 198 Conn. 229, 238, 502 A.2d 410 (1985). The motion to dismiss admits all well-pleaded facts, and the court may look to the pleadings, the record, and any affidavits in its determination of the jurisdictional issue. Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
The exhaustion doctrine implicates subject matter jurisdiction, therefore, the court must decide as a threshold mater whether that doctrine requires dismissal of the plaintiffs' claim. Concerned Citizens of Sterling v. Town of Sterling,204 Conn. 55211, 556, 529 A.2d 666 (1987).
The plaintiffs assert that they have exhausted their administrative remedies and are entitled to judicial relief pursuant to General Statutes 4-183. "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." General Statutes 4-183 (a).
However, "[t]he legislature did not intend to authorize a right of appeal to the Superior Court from every determination of an administrative agency." Summit Hydropower v. Commissioner of Environmental Protection, 226 Conn. 792, 800, ___ A.2d ___
(1993). There are various requirements which must be fulfilled in order to appeal an administrative decision. First, an appeal from an administrative agency is available only when there is strict compliance with the statute granting such an appeal. Tarnapol v. Connecticut Siting Council, 212 Conn. 157, 16-64,561 A.2d 931 (1989). Second, the appeal must be from a final agency decision. General Statutes 4-183; Summit Hydropower v. Commissioner of Environmental Protection, supra, 799. A final decision is defined as "the agency determination in a contested case . . ." (Internal quotation marks omitted.) Id. Third, in order to have standing to bring an administrative appeal, a person or entity must establish that he is aggrieved by a decision of the agency. Kelly v. Freedom of Information Commission, 221 Conn. 300, CT Page 10449 308, 603 A.2d 1131 (1992). Fourth, "[i]t is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted; citation omitted.) Pet v. Department of Health Services, 207 Conn. 346, 350-51,542 A.2d 672 (1988). "The doctrine of exhaustion fosters the orderly processes of administrative adjudication and judicial review by providing the reviewing court with the benefit of the agency's findings and conclusions." Payne v. Fairfield Hills Hospital,215 Conn. 675, 679, 578 A.2d 1025 (1990). "Accordingly, a party who has a statutory right of appeal from a decision of an administrative agency may not bring an independent action to test the very issue that the statutory appeal was designed to test." Id.
In the present case, the plaintiffs are asserting their claim pursuant to General Statutes 1-21i(a).
 [A]ny denial of the right to inspect or copy records provided for under section 1-19 shall be made to the person requesting such right by the public agency official who has custody or control of the public record, in writing, within four business days of such request. . . . Failure to comply with a request to so inspect or copy such public record within the applicable number of business days shall be deemed a denial.
General Statutes 1-21i(a).
A statute should be read as a whole and interpreted so as to give effect to all of its provisions. Pintaville v. Valkanos,216 Conn. 412, 418, 581 A.2d 1050 (1990). By attempting to utilize General Statutes 1-21i to obtain public records, the plaintiffs thereby subject themselves to other relevant provisions of that statute. Subsection (b) of General Statutes1-21i specifically sets forth the proper appeal procedure for a person who has been denied access to public records. "Any person wrongfully denied the right conferred by sections 1-15, 1-18a, 1-19
to 1-19b, inclusive, 1-20a and 1-21 to 1-21k, inclusive, may appeal therefrom to the freedom of information commission, by filing a notice of appeal with said commission." General Statutes1-21i(b). CT Page 10450
According to General Statutes 1-21i, the plaintiffs' remedy for the denial of public records lies with the Freedom of Information Commission (FOIC), yet the plaintiffs brought the action directly to the superior court. It is submitted therefore, that absent any qualified exception to the exhaustion doctrine, the plaintiffs have failed to exhaust their administrative remedies because they have not yet participated in any stage of the administrative process afforded them.
There are some exceptions to the exhaustion doctrine, "although we have recognized such exceptions only infrequently and only for narrowly defined purposes." Lacroix v. Board of Education, 199 Conn. 70, 79, 505 A.2d 1233 (1986). Among the exceptions is where recourse to the administrative remedy would be futile or inadequate; Greenwich v. Liquor Control Commission,191 Conn. 528, 541-42, 469 A.2d 382 (1983); or where there is a constitutional challenge to the propriety of the procedures followed by the administrative agency. Lacroix v. board of Education, supra, 79.
Futility, however, is "more than a mere allegation that the administrative agency might not grant the relief requested. In most instances, we have held that the failure to exhaust an administrative remedy is permissible only when the administrative remedy would be useless." Concerned Citizens of Town of Sterling v. Sterling, supra, 560. "An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief." Cannata v. Department of Environmental Protection, 215 Conn. 616, 628, 577 A.2d 1017 (1990).
Clearly, an appeal by the plaintiffs to the FOIC would be neither impossible nor futile. To the contrary, the FOIC appeal procedure is readily accessible to the plaintiffs. Although the plaintiffs could not be present at a hearing because they are incarcerated, the FOIC regulations allow the plaintiffs to choose a friend, a spouse or other family member, or a representative from a prison assistance group who would suffice representative for a proper hearing. FOIC Reg. 1-21j-29 (1984). Furthermore, once a proper hearing is conducted, the FOIC explicitly has the authority to grant the requested relief under General Statutes1-21i(b).[1]
Accordingly, the plaintiffs have failed to exhaust their administrative remedies and fail to come under any exception to the exhaustion doctrine. The court, therefore, lacks CT Page 10451 jurisdiction over the matter and the defendant's motion to dismiss is granted.
/s/ West, J. WEST