[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Rose Ortiz, commenced this action against the defendant, Garbo's Restaurant, Inc. d/b/a Marlo's Cafe (Garbo's), to recover damages for personal injuries allegedly sustained on CT Page 6477 September 8, 1993, when she was struck by an automobile in the parking lot located at 581 West Putnam Avenue in Greenwich, Connecticut. The plaintiff alleges that at the time of the accident Garbo's was the owner and operator of Marlo's Cafe, a restaurant located at 581 West Putnam Avenue, and that Garbo's was in control of and responsible for the maintenance of the parking lot and the parking lot lights adjacent to the restaurant. Complaint, ¶ 5. According to the plaintiff's complaint, the defendant's negligence was the proximate cause of the plaintiff's injuries in that Garbo's failed to provide adequate lighting in and around the parking lot and private drive at 581 West Putnam Avenue for the benefit and safety of invitees on the premises, particularly Rose Ortiz.
The plaintiff also commenced a prior action against two additional defendants, the Aries Group, Inc. and John Lium, to recover damages based on the same set of underlying facts. Although the complaint in the prior action contained allegations of negligence with respect to Garbo's, Garbo's was neither named as a defendant in the writ of summons as required by General Statutes § 52-45a, nor served with a copy of the summons and complaint as required by General Statutes §§ 52-54 and 52-57. Garbo's filed a motion to dismiss in that action for insufficiency of process and insufficiency of service of process, which motion was granted by the court, Tobin, J., on November 20, 1995. The plaintiff then commenced the present action, pursuant to the Accidental Failure of Suit Statute, General Statutes § 52-592 (a), by service of process on the defendant's agent for service on November 27, 1995.
On February 4, 1997, the defendant filed a motion for summary judgment. The defendant argues, inter alia, that General Statutes § 52-592 (a) does not apply to the facts in this case, and that the plaintiff's claim is now barred by the applicable statute of limitations, General Statutes § 52-584. In support of this motion, the defendant submitted a memorandum of law, along with a copy of the summons and complaint in the prior action and the affidavit of John Lium, the president of Garbo's. The plaintiff filed an opposing memorandum of law, along with several affidavits and copies of excerpts from the deposition transcripts of Michael Propersi and Rose Ortiz.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In CT Page 6478 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) Home Ins. Co.v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996).
The plaintiff argues that her action against Garbo's is not barred by the statute of limitations because General Statutes §52-592 (a) permits the filing of new action within one year of dismissal where the original action was dismissed for insufficient service of process. General Statutes § 52-592 (a), the Accidental Failure of Suit Statute, provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ." "Although § 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." (Citations omitted). Pintavalle v. Valkanos,216 Conn. 412, 417, 581 A.2d 1050 (1990).
The plaintiff's claim against Garbo's in the prior action failed because the plaintiff did not name Garbo's as a defendant in the writ of summons and failed to serve Garbo's with a copy of the summons and complaint. The plaintiff then brought the present action against Garbo's pursuant to General Statutes § 52-592 (a). "When an action is brought pursuant to the accidental failure of suit statute on the basis of insufficient service, such insufficiency must be attributable to unavoidable accident or thedefault or neglect of the serving officer." (Emphasis added.)Nelson v. Stop Shop Co., Inc., Superior Court, Judicial District of New Haven at New Haven, Docket No. 307467 (May 7, 1992, O'Keefe, J.) (6 Conn. L. Rptr. 410, 411). Cf. Gundersen v. Penn CentralCorp., Superior Court, Judicial District of Danbury at Danbury, Docket No. 318228 (December 29, 1994, Leheny, J.) (13 Conn. L. CT Page 6479 Rptr. 230, 231) ("`[I]nsufficient service,' without regard to the actions of a serving officer, is a viable ground enabling a party to avail itself of the operation of § 52-592").
In the present case, there is no indication of any default or neglect on the part of the serving officer or that the plaintiff's failure to serve Garbo's in a timely manner was due to an "unavoidable accident." Rather, it appears that the plaintiff made no attempt to serve the defendant before the statute of limitations expired. See Estate of Adamec v. Hartford East Elderly ApartmentsLimited Partnership, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 367902 (July 19, 1990, Mulcahy, J.) (2 Conn. L. Rptr. 88, 89) (§ 52-592 did not save the plaintiff's action where the defendants were not served, properlyor improperly, until after the statute of limitations had expired). Under these circumstances, the plaintiff's claim against Garbo's is not saved by § 52-592.
The alleged accident which gave rise to the plaintiff's claim occurred on September 8, 1993. Such an action, seeking damages for personal injuries, must be brought within two years of the date the injury is sustained. General Statutes § 52-584. The present action was not commenced, however, until the defendant was served on November 27, 1995. Because § 52-592 (a) does not apply to the facts in the present case, the plaintiff's claim against Garbo's is barred by the applicable statute of limitations. Accordingly, the defendant's motion for summary judgment is granted.
D'ANDREA, J.