[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #101
The plaintiffs, Adam Williams and Gloria Inzitari, filed a three-count complaint against the defendant, Brenda Brody as the executor of the estate of Jane Marcher, on May 12, 1998. The plaintiffs allege that on August 16, 1993, Marcher struck a vehicle being driven by Williams, in which Inzitari was a passenger. The present action has been filed pursuant to General Statutes § 52-539.[1]
The defendant filed a motion for summary judgment on June 1, 1998, on the ground that the plaintiffs have failed to commence their action within two years of the date of the accident as required by General Statutes § 52-584. The plaintiffs filed a memorandum in opposition to the motion for summary judgment on June 16, 1998, arguing that their cause of action is saved by § 52-593.[2] The defendant filed a reply memorandum dated July 7, 1998. The matter was heard on July 13, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . "(Internal quotation marks omitted.) Maffucci v.Royal Park Limited Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998)
The parties' arguments center around the proper definition of "original action" as the phrase is used in § 52-593. The defendant argues that the original action was the Stamford action, which was dismissed more than a year ago, and therefore the plaintiffs cannot base this suit on § 52-593. The plaintiffs argue that the original action was the second suit, since the second suit was the suit in which the plaintiffs named the wrong party as defendant. CT Page 9428
The Supreme Court has defined the phrase "original action" in the context of General Statutes § 52-592, the accidental failure of suit statute. "`Original' is defined as of or relating to a rise or a beginning: existing from the start . . . .' Webster's Third New International Dictionary. In the context of 52-592 (a), `original action' is used to refer to the first action filed by the plaintiff within The period of the applicable statute of limitations. . . . [C]onstruing `original action' to mean the next preceding action would have the effect of permitting a potentially limitless extension of the time to file succeeding actions. . . . This would defeat the basic purpose of statutes of limitation, namely, promoting finality in the litigation process." Pintavalle v. Valkanos, 216 Conn. 412,417, 581 A.2d 1050 (1990). "We hold that under the provisions of52-592 (a) `original action' means the first action filed within the time allowed by the applicable statute of limitations." Id., 419.
In Tillman v. Ginter Associates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 314988 (July 18, 1995, Hauser, J.), the plaintiff filed three separate suits. The first, filed in 1988, was terminated by a motion for summary judgment. The second, filed in 1992, was terminated by nonsuit on October 5, 1992. The third was the commenced on May 6, 1994 pursuant to § 52-593. The court held that the 1988 action was the original action and that the defendant's motion for summary judgment should be granted, as the 1994 action had not been commenced within one year of the dismissal of the 1988 action. Here, the original action would be the Stamford action, which was dismissed on October 7, 1996. As the plaintiffs have not filed this action pursuant to § 52-593 within one year of the dismissal of the original action, the defendant's motion for summary judgment is granted.
STODOLINK, J.