[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#109)
CT Page 3322
This is the third lawsuit brought by the Plaintiff against the Defendant based on an incident alleged to have occurred on or about December 17, 1985. The initial lawsuit returnable January 26, 1988 was dismissed under the dormancy program on December 9, 1988. The second lawsuit returnable January 30, 1990 was again dismissed on the dormancy program on December 27, 1996. Plaintiff's motion to reopen that dismissal was denied (Berger. J.) on April 25, 1997. This third lawsuit was commenced by service upon the Defendant on May 27, 1998.
Each lawsuit essentially makes the same claims, either founded on negligence or on intentional tort. Clearly the relevant statutes of limitation have long since passed, namely General Statutes §§ 52-584 (2 years) and 52-577 (3 years). Plaintiff, however, asserts, and so alleges in his complaint, that this lawsuit is permitted by the accidental failure of suit statute, General Statutes § 52-592 (a). That statute allows a successor lawsuit to be brought "at any time within one year after the determination of the original action."
The Defendent has moved for summary judgment on the ground that the statutory reference to the "original action" means in this case the initial lawsuit dismissed on December 17, 1988, not the second lawsuit dismissed on December 27, 1996. Defendant's interpretation is squarely within the holding of Pintavale v.Valkanos, 216 Conn. 412 (1990).
Summary judgment must be granted if the documents and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994). Such is the case here. This lawsuit was not brought within one year after the determination of the original lawsuit, namely the initial lawsuit dismissed on December 9, 1988, as required by § 52-592 (a). Accordingly, this lawsuit is barred by the relevant statutes of limitation.
The motion for summary judgment is granted.
David L. Fineberg Superior Court Judge CT Page 3323