[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #105
The plaintiff alleges she was injured when she tripped and fell on premises if the defendant Scott Gardens. The present CT Page 11394 action is the third lawsuit commenced by this plaintiff arising out of the alleged incident that caused her injuries. The plaintiff brought her first action by way of a complaint dated December 8, 1992. That action was dismissed for insufficient service of process on February 6, 1995. The plaintiff then brought a new action under the "accidental failure of suit" statute pursuant to General Statutes § 52-592 by complaint dated January 31, 1996. The court granted the defendants' motion for summary judgment., in that action, on December 11, 1997, because of the plaintiffs failure to name the proper defendants. The plaintiff has instituted this action under General Statutes. §52-593, permitting the filing of a new lawsuit because of a failure to name "the right defendant." That statute permits the institution of a new action if the new action is made within one year after the termination of the "original action." There is no question that the present action that was commenced by writ dated November 24, 1998, which is the third action, was brought within a year of the second action. The issue here is whether the reference in this statute to the "original action" relates back to the first lawsuit that was dismissed in February of 1995 or the second action that was terminated on December 11, 1997.
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omi tted.) Dowling v. Finley Associates,248 Conn. 364, 369-70, ___ A.2d ___ (1999).
In this case, the plaintiff has utilized two "saving statutes", the accidental failure of suit statute (52-592) and the "wrong defendant" statute (52-593). Both statutes refer back to the "original action". The question here then is whether the "original action" in 52-593 should be the original action saved by 52-292. Although it has not ruled directly on this issue, the Connecticut Supreme Court and Connecticut Appellate Court have addressed the situation where a third action was commenced under52-292 which was brought after a second action was also instituted under 52-292. Both courts held that language contained in 52-292, permitting the filing of the new law suit within one year of the determination of "original action" refers to the first action instituted and not the "next proceeding action", see CT Page 11395Pintavalle v. Valkanos, 216 Conn. 412, 581 A.2d 1050 (1990). Marangio v. Shop Rite Supermarkets, Inc., Id. Conn. App. 156, 525 A.2d 1139 (1987).
This case, unlike Pintavalle and Marangio was saved once under 52-592 and then under 52-593. The court feels that in this case the "original action" under 52-293 refers back to action saved by 52-592, or the second action. The rulings in Pintavalle
and Marangio addressed the anomaly that would occur if litigants were able to get two or more bites at the apple by utilizing the accidental failure statute(52-592) after each dismissal. That would allow plaintiffs to commence law suits ad infinitum so long as they were brought within a year of the dismissal of the previous suit. The Supreme Court cautioned that "it should not be construed so liberally as to render statutes of limitation virtually meaningless." Pintavalled v. Valkanos, supra, 417. The plaintiff here does not seek two or more bites at the same apple out only one bite at 52-592 and another bite at 52-593.
Remedial statutes should be liberally construed, and the court agrees with the olaintiff that it should be entitled to take advantage of 52-593 at least on one occasion even though she had previously benefited from 52-592. The court Will therefore deny the defendannt's Motion for Summary Judgment.
PELLEGRINO, (J)