[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The issue presented in this matter is whether Connecticut's Accidental Failure of Suit statute, Connecticut General Statutes § 52-592, may be invoked where process is delivered to a sheriff for service, but not served upon the defendant. In its motion for summary judgment, the defendant argues that the plaintiff's claim cannot be afforded the protections of § 52-592 because the plaintiff failed to commence an action within the time period allowed by the applicable statute of limitations.[1] For the reasons set forth below, the defendant's Motion for Summary Judgment is granted.
This is a personal injury lawsuit arising out of a slip and fall incident. The following facts give rise to this claim. The plaintiff, Marion Davis, alleges that on August 9, 1997, she fell on the defendant's, Family Dollar Stores of Connecticut, Inc.'s premises. (Compl. at ¶¶ 3, 7). The plaintiff claims thai: due to the carelessness and negligence of the defendant, she suffered personal injuries. (Compl. at ¶ 8). The plaintiff states that a writ, summons, and complaint was delivered to Sheriff Stephen Woods on August 6, 1999 for service on the defendant. (Pl.'s Mem. of Law in Support of Obj. to Def.'s Mot. for Summary Judgment at 1). On February 21, 2000, CT Page 5828 this writ, summons, and complaint was returned to the plaintiff's attorney unserved. (Pl.'s Mem. of Law in Support of Obj. to Def.'s Mot. for Summary Judgment at 1). On September 15, 2000, the instant action, brought pursuant to Connecticut General Statutes § 52-592, the accidental failure of suit statute, was served on the defendant.
The standard for deciding a motion for summary judgment is well established. "Practice Book [§ 17-49 (formerly § 384)] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Buell Indus. v. Greater N.Y. Mut. Ins. Co., 259 Conn. 527,549-50 (2002).
Plaintiff brings her claim pursuant to Connecticut's accidental failure of suit statute. This statute provides in relevant part that
 [i]f any action, commenced within the time limited by law, has failed . . . to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, . . . or the action has been otherwise avoided or defeated by . . . any matter of form; . . . the plaintiff, . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . .
Connecticut General Statutes § 52-592 (a) (2001). While the term "action" is not defined within the statute, the term has been interpreted, for the purposes of § 52-592, to mean "the lawful demand of one's right in a court of justice; and in this sense . . . said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." Capers v. Lee, 239 Conn. 265, 271 (1996). Section 52-592 is applicable only where "there has been an original action commenced in a timely fashion." Capers, 239 Conn. at 271. An original action is the "first action filed within the time allowed by applicable statutes of limitations." Pintavalle v. Valkanos, 216 Conn. 412,419 (1990). While § 52-592 is remedial in nature, "passed to avoid CT Page 5829 hardships arising from an unbending enforcement of limitation statutes,"Isaac v. Mount Sinai Hosp., 210 Conn. 721, 728 (1989), it "should not be construed so liberally as to render statutes of limitations virtually meaningless." Pintavalle, 216 Conn. at 417.
In the present case, there is no prior action, commenced or otherwise, upon which a determination has been made. On August 6, 1999 a writ, summons, and complaint was delivered to the sheriff for service upon the defendant. However, process was not served upon the defendant nor returned to the court. Rather, six months later, on February 21, 2000 this writ, summons, and complaint was returned, unserved, to the plaintiff. As a result, the plaintiff failed to make a "lawful demand of [her] right[s] in a court of justice." Capers, 239 Conn. at 271. No proceeding was commenced prior to the initiation of the instant action. Courts which have considered whether an original action was commenced for purposes of § 52-592 recognize that must be a preceding disposition of a prior action. See Crichton v. Noore, CV-00-0159031, 2001 Conn. Super. Ct. LEXIS 810, at *2 (Conn.Super.Ct. Mar. 23, 2001) (Doherty, J.) (Process was delivered to the sheriff who failed to receive it. The original action was dismissed by the court.); Nelson v. The Stop ShopCo., Inc., No. 307467, 1992 Conn. Super. Ct. LEXIS 1376, at *4 (Conn.Super.Ct. May 7, 1992) (O'Keefe, Jr., J.) (Parties agreed that the original complaint was dismissed by the court for insufficiency of process); Adamec v. Hartford E. Elderly Apartments Ltd. P'ship, CV 36 79 02, 1990 Conn. Super. Ct. LEXIS 135, at *3 (Conn.Super.Ct. Jul. 19, 1990) (Mulcahy, J.) (in the original action, the court granted summary judgment); Dolan v. Germond, No. CV 96-0330461S, 1997 Conn. Super. LEXIS 1030, at *2 (Conn.Super.Ct. Apr. 14, 1997) (Thim, J.) (defendant's motion to dismiss the first lawsuit was granted.). Moreover, the plaintiff offers no authority to support the proposition that the delivery of process to a sheriff constitutes an "action" within the meaning of § 52-592. Because the plaintiff has failed to demonstrate the existence of a prior "action," she cannot properly invoke the protection of § 52-592.
Even if such an action existed, plaintiff must also demonstrate that such action was "commenced within the time limited by law." Connecticut General Statutes § 52-592 (a) (2001) (emphasis supplied). There is disagreement in the Superior Courts as to what constitutes "commencement" for the purposes of § 52-592. Compare Alagrin v. Vitale,
CV-00-0435748748, 2001 Conn. Super. Ct. LEXIS 1223, at *4 (Conn.Super.Ct. May 4, 2001) (Devlin, J.) (it is not attempted service but actual service that commences an action in Connecticut), Battaglia v. ColonialCondo. Ass'n., Inc., CV-97-0157598S, 1998 Conn. Super. Ct. LEXIS 768, at *8 (Conn.Super.Ct. Mar. 24, 1998) (Karazin, J.) (same), Adamec,
1990 Conn. Super. Ct. LEXIS 135, at *11 (same), with Crichton, 2001 Conn. CT Page 5830 Super. Ct. LEXIS 810, at *9 ("in the context of an action brought pursuant to § 52-592, an action is commenced when service is attempted, not when service upon the defendant is perfected."); Ahnertv. Tanguay, CV-98-66599S, 1998 Conn. Super. Ct. LEXIS 1360, at *2 (Conn.Super.Ct. May 18, 1998) (Klaczak, J.) (same); Nelson,
1992 Conn. Super. Ct. LEXIS 1376, at *6 (same). Under the facts of this case the court cannot conclude that the mere delivery of process to the sheriff, without more, constitutes commencement of the action.
Accordingly, for the foregoing reasons, the defendant Family Dollar Store's Motion for Summary Judgment is GRANTED.
So ordered.
HOLZBERG, J.