[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE MOTION FOR SUMMARY JUDGMENT
Upon considering all materials submitted in support of and in opposition to Defendant Gregory Sargis's Motion for Summary Judgment ("Motion") dated March 19, 2002, the Court hereby concludes, for the following reasons, that said motion must be GRANTED.
1. In the present action, plaintiff John J. Pitchell seeks to recover money damages from a single defendant, Officer Gregory Sargis of the Hartford (CT) Police Department, for injuries and losses he claims to have suffered due to the defendant's alleged negligence during an incident that took place in the early morning hours of June 19, 1987. According to the plaintiff's First Amended Complaint ("Complaint") dated December 6, 2001, the defendant was negligent on the date in question by failing to control the actions of a fellow Hartford police officer, James F. Callan, when the latter, while visibly intoxicated, brandished a loaded revolver in the defendant's presence, pointed the revolver at the plaintiff, and threatened to shoot him. Unrestrained by the defendant, who allegedly could and should have stopped him, Callan shot the plaintiff in the face, thereby causing him serious physical injuries and resulting physical and emotional pain and suffering, disability, and financial loss.
2. In his Complaint, the plaintiff claims that he is entitled to bring this action under General Statutes § 52-592, Connecticut's accidental failure of suit statute. On that score, he alleges, more particularly, that this action, which was commenced by the service of process on or about June 28, 2001, was brought in timely fashion after the failure of an earlier action "to be tried on the merits as a result of unavoidable accident, excusable neglect and/or a matter of form," to wit: the dismissal of the action "due to [the] plaintiff's failure to appear for trial on December 9, 1999." Complaint, ¶¶ 5, 7. The plaintiff alleges that the dismissal resulted from unavoidable accident, excusable neglect and/or a matter of form because on or about November 30, 1999, more than one week before the December 9 trial date, the judge who later dismissed CT Page 1551 the action had granted a continuance of the trial and caused plaintiff's counsel to be notified that an appearance on December 9 was excused. Id.
¶ 3.
3. The defendant has answered the plaintiff's Complaint by denying both the plaintiff's allegations of negligence against him and all the facts upon which the plaintiff bases his claim that this action may be brought under the accidental failure of suit statute. Answer and Special Defenses to First Amended Complaint dated December 6, 2001, pp. 1-2. In addition, the defendant has interposed the following special defenses: (1) that the plaintiff's action is barred by the provisions of General Statutes §52-584, the statute of limitations applicable to negligence actions; (2) that the plaintiff's action is barred by the doctrine of res judicata; (3) that the plaintiff's action is barred by the doctrine of collateral estoppel; and (4) that the plaintiff's action is barred by the provisions of General Statutes § 52-592, the accidental failure of suit statute. Id., pp. 3-4.
4. The plaintiff has replied to the defendant's special defenses by denying all of the factual allegations set forth therein and specially pleading, in avoidance of the defendant's statute of limitations claim, that this action is saved by the accidental failure of suit statute.
5. The defendant has now moved this Court for summary judgment on the ground that the plaintiff's claim is barred by the applicable statute of limitations, General Statutes § 52-584, which provides that:
 No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission . . .
6. As a threshold matter, the defendant notes without opposition that the present action was commenced long after indeed, more than twelve (12) years after — the two-year limitations period established by Section 52-584 had expired. The defendant is therefore entitled to judgment as a matter of law unless the plaintiff can raise a genuine issue of material fact as to the applicability of the accidental failure of suit statute to this case.
7. The accidental failure of suit statute, General Statutes §52-592, provides in relevant part as follows: CT Page 1552
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action.
. . .
 (d) The provisions of this action shall apply to . . . any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error.
To save an otherwise untimely action under this statute, a plaintiff must plead and prove: (1) that his present action is for the same cause as an earlier action which failed one or more times to be tried on its merits for one or more of the reasons set forth in the statute; (b) that he commenced his present action within one year of the final determination of his original action for the same cause; and (c) that his original action itself was commenced within the time limited by law.
9. The defendant here claims that the plaintiff's present action cannot be saved by the accidental failure of suit statute because even if this action is for the same cause as his earlier action which was dismissed for failure to appear for trial on December 9, 1999, and even if said dismissal constituted a "defeat [of the earlier action] for a matter of form," the earlier action was not the "original action" for that same cause, as required by Section 52-592. In fact, he argues, the plaintiff's "original action" was a federal lawsuit entitled John J. Pitchell v.James F. Callan, Gregory Sargis and City of Hartford, H89-73 (EBB), which the plaintiff filed in the United States District Court for the District of Connecticut on or about February 7, 1989.
10. The instant claim, asserts the defendant, was brought in the federal action as a pendent state claim, along with the plaintiff's parallel federal civil rights claim under 42 U.S.C. § 1983. The state CT Page 1553 claim was dismissed on April 27, 1993, when the District Court granted his and Officer Callan's motion for summary judgment on the plaintiff's federal claims against them, and thus declined to exercise jurisdiction over their pendent state claims. The District Court's judgment of dismissal was affirmed by the U.S. Court of Appeals for the Second Circuit on January 3, 1994.
11. The plaintiff does not dispute that his federal action was brought for the "same cause" as his present action. He contends, nonetheless, that the one-year period for commencing a new action for that cause under the accidental failure of suit statute did not start on the date of the Second Circuit's affirmance of the dismissal of that action, but on the much later date on which the Appellate Court affirmed the dismissal of his later state court action for failure to appear for trial.
12. The plaintiff makes two basic arguments as to why the affirmance of the District Court's dismissal of his federal action should not be deemed to have started the one-year time period for commencing a new action under the accidental failure of suit statute. The first is that his later state court action, which had a return date of June 28, 1994, was actually a continuation of his earlier federal action, and thus itself is the "original action" as a matter of law. The second is that even if his 1994 state action was a new action, that action is an "original action" for purposes of the accidental failure of suit statute since it, no less than his federal action, was filed within the time prescribed by law.
13. The plaintiff's first argument is wholly unsupported in fact or in law. Unlike an action commenced in state court which is removed to federal court then remanded to the state court after the federal court declines to exercise jurisdiction, an action filed originally in federal court must be dismissed, as was the plaintiff's federal action, when the federal court declines to exercise its jurisdiction over pendent state claims. This result, in fact, is expressly contemplated by the accidental failure of suit statute itself, which provides that the statute applies to cases "brought to the United States circuit or district court for the district of Connecticut which ha[ve] been dismissed without trial upon [their] merits or because of lack of jurisdiction in such court." Id.
(Emphasis added.) "[T]he time for bringing the action to the state court," the statute continues, "shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error." General Statutes § 52-592 (d).
14. Against this background, it is apparent that the accidental failure of suit statute applies to any Connecticut federal action which is CT Page 1554 dismissed without a trial on the merits, whether or not the dismissal is for lack of jurisdiction, and that the one-year statutory time period for commencing a new state action following such a dismissal begins either on the date of the dismissal or, if an appeal has been taken from the dismissal, on the date when the appeal is finally determined.
15. The plaintiff's second argument is based on the premise that when a plaintiff commences more than one action for the same cause within the period prescribed by law, each such action is an "original action" for the purpose of the accidental failure of suit statute. Here, then, he argues that since his 1994 state action, no less than his 1989 federal action, was timely commenced, the one-year period for filing a new state action for the same cause under the accidental failure of suit statute did not start until the final determination of his appeal from the dismissal of the later action.
16. Assuming without deciding that the plaintiff's 1994 action was timely commenced[1] and that the dismissal of that action for failure to appear for trial may be characterized as a defeat for a matter of form,[2] the fatal flaw in this argument is that it has already been rejected by the Connecticut Supreme Court. In Pintavalle v. Valkanos,216 Conn. 412, 419 (1990), the Supreme Court held
 that under the provisions of § 52-592 (a) "original action" means the first action filed within the time allowed by the applicable statute of limitations. This interpretation is consistent with the plain meaning of the statute and protects the policy concerns underlying statutes of limitation.
By this language, the Pintavalle Court clearly suggested that when two or more prior actions brought within the period prescribed by law are defeated for matters of form, the period for bringing a new action for the same cause under Section 52-592 starts when the first such timely filed action is finally determined.
17. Because Pintavalle was not a case in which the plaintiff attempted to file a new action after suffering the dismissal of two or more timely filed actions, the Supreme Court's holding in that case might fairly be viewed as dictum with respect to the instant case. Later, however, inPeabody N.E., Inc. v. Dept. of Transportation, 250 Conn. 105 (1999), the Supreme Court expressly applied its Pintavalle holding to a case in which two prior actions — one federal, one state — had been timely filed, both had been dismissed for matters of form, and the plaintiffs' third action, though filed within one year of the determination of the later state action, was not filed within one year of the final CT Page 1555 determination of the earlier federal action. Declaring that the plaintiffs' first timely action was their "original action" for the purpose of the accidental failure of suit statute, the Peabody Court concluded that the plaintiffs' third action could not be saved by that statute because it was not commenced within one year after the final determination of their "original action" for the same cause.
18. This case is clearly controlled by the Supreme Court's decision inPeabody. Here, as there, the Court must conclude that the defendant is entitled to judgment as a matter of law because there is no genuine issue of material fact that the present action, which was commenced on or about June 28, 2001, was not brought within one year after the final determination of his "original action" — his 1989 federal action, which was finally determined by the U.S. Court of Appeals for the Second Circuit on January 3, 1994. For that reason and others stated in this Memorandum Order, the defendant's Motion For Summary Judgment must be GRANTED.
IT IS SO ORDERED this 28th day of January 2003.
Michael R. Sheldon, J.