[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE NO. 103
On May 22, 1997, the plaintiff, Lisa Lind-Larsen, filed an eight count complaint against the defendants, Fleet National Bank of Connecticut and GTT Corp., Trustee for Onyx Properties Realty. The plaintiff's complaint asserts various claims against the defendants including negligence and violations of General Statutes §§ 49-8 and 42-110a et seq. The plaintiff's complaint alleges the following facts. On June 13, 1993, the plaintiff filed suit against Fleet's predecessor in interest, Shawmut Bank, for negligence and violations of the Connecticut Unfair Trade Practices Act (CUTPA). This action was withdrawn after the plaintiff and Shawmut Bank entered into a settlement agreement on December 14, 1993. On March 15, 1996, the plaintiff reinstated the 1993 suit because Shawmut Bank failed to honor the settlement agreement. A judgment of nonsuit was entered on December 2, 1996. The plaintiff subsequently brought the present action pursuant to General Statutes § 52-592.[1]
On November 18, 1997, the defendants filed a motion to strike CT Page 331 and a supporting memorandum. The plaintiff filed a memorandum of law in opposition on November 21, 1997.
A motion to strike may be used to test the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Faulkner v. United TechnologiesCorporation, 240 Conn. 576, 580, 693 A.2d 293 (1997). When considering a motion to strike, the court must accept as true all facts that are well pleaded and construe the complaint in the light most favorable to the nonmoving party. Sassone v. Lepore,226 Conn. 773, 779-80, 629 A.2d 357 (1993). The trial court must take the facts to be those alleged in the complaint and cannot consider any facts not therein alleged. Liljedahl Bros., Inc.v. Grigsby, 215 Conn. 345, 348-49, 576 A.2d 149 (1990). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must be denied.Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991).
The defendants move to strike the plaintiff's entire complaint because "the Original Action was untimely; therefore, this matter may not be brought under the Accidental Failure of Suit Statute, Conn. Gen. Stat. § 52-592." The defendants argue that the original action was commenced on March 15, 1996 and, therefore, the actions complained of are beyond the statutes of limitation. The Connecticut Supreme Court, however, has held that "under the provisions of 52-592 (a), `original action' means the first action filed within the time allowed by the applicable statute of limitations." Pintavalle v. Valkanos, 216 Conn. 412,419, 581 A.2d 1050 (1990). The court emphasized that "original action" does not mean the next preceding action. Id., 417. The plaintiff's complaint alleges that this action was initially brought on June 13, 1993. Defendants' motion to strike the plaintiff's complaint on this specific ground is denied.[2]
The defendants' motion to strike sets forth two additional grounds for striking certain counts of the plaintiff's complaint. The motion asserts that "[c]ounts 5, 6, 7 and 8 do not set forth recognizable causes of action. Therefore, the plaintiff cannot, as a matter of law and fact, state a cause of action that should be heard by this Court." The motion also states that "[c]ounts 2 and 3 do not set forth facts sufficient to support a cause of action for the violation of CUTPA. Therefore, the plaintiff cannot, as a matter of law and fact, state a cause of action that should be heard by this Court." CT Page 332
These grounds do not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint. The defendants' motion to strike counts two, three, five, six, seven, and eight is, therefore, "`fatally defective' under Practice Book 154 notwithstanding the [defendants'] inclusion of such reasons in its supporting memorandum." Bouchard v. People's Bank, supra, 219 Conn. 468 n. 4. Because the plaintiff has objected to the form of the defendants' motion, the defendants' motion to strike counts two, three, five, six, seven, and eight of the plaintiff's complaint is denied. See Bouchard v. People's Bank, supra, 219 Conn. 468 n. 4.
Mihalakos, J.