ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT, ET AL. *v.*
WILLIAM F. MOFFETT ET AL.
(AC 19549)

Lavery, C. J., and Foti and Peters, Js.

Submitted on briefs September 26—officially released November 14, 2000

*Richard T. Sponzo*, assistant attorney general, *Richard Blumenthal*, attorney general, and *Jane S. Scholl*, associate attorney general, filed a brief for the appellant (intervening defendant employment security appeals division board of review).

*Thadd A. Gnocchi*, assistant attorney general, *Richard Blumenthal*, attorney general, and *Charles A. Overend*, assistant attorney general, filed a brief for the appellee (plaintiff administrator, Unemployment Compensation Act).

*Opinion*

PER CURIAM. The intervening defendant employment security appeals division board of review (board) appeals from the judgment of the trial court rendered in favor of the plaintiff administrator, Unemployment Compensation Act (administrator).[1] The board claims that the court improperly ruled that pursuant to General Statutes § 31-236 (a) (2) (B),[2] an employee who steals property valued at $25 or less may not be disqualified from receiving unemployment benefits on the basis of

---

[1] We note that the office of the attorney general is counsel on both sides of this appeal. This court does not look with favor on the office of the attorney general representing both sides in the same case.

[2] General Statutes § 31-236 (a) provides in relevant part: "An individual shall be ineligible for benefits . . . (2) . . . (B) if, in the opinion of the administrator, he has been discharged or suspended for felonious conduct, conduct constituting larceny of property or service, the value of which exceeds twenty-five dollars, or larceny of currency, regardless of the value of such currency, wilful misconduct in the course of his employment, just cause, or participation in an illegal strike as determined by state or federal laws or regulations, until such individual has earned at least ten times his benefit rate . . . ."

larceny, but may be disqualified for wilful misconduct. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the issue raised in this appeal. This case involves seven consolidated appeals from decisions of the board on claims of eligibility for unemployment compensation benefits. After being discharged for larceny of property worth $25 or less, the seven individual claimants applied for unemployment benefits to the administrator pursuant to General Statutes § 31-241. The administrator granted the benefits, and the claimants' respective employers appealed the decisions to the employment security appeals referees. The referees affirmed the granting of benefits. The administrator thereafter, appealed to the board on behalf of the employers. The board rendered decisions holding that the claimants were eligible for benefits pursuant to § 31-236 (a) (2) (B), because a discharge for larceny of property not exceeding $25 in value is a nondisqualifying discharge. The administrator appealed the board's decisions to the trial court. The board intervened in all appeals. The cases were then consolidated as raising the same legal issue.

On April 19, 1999, the court rendered judgment sustaining the administrator's appeal. The court ruled that the decision of the board concluding that the defendant claimants were eligible for unemployment benefits was improper. Therefore, the court remanded the matter to the board to vacate its decision. The court determined in its memorandum of decision that pursuant to § 31-236 (a) (2) (B), an employee who steals property valued at $25 or less may not be disqualified from receiving unemployment benefits on the basis of larceny, but may be disqualified under that statute for wilful misconduct. The court ruled that a theft of $25 or less of property or services, clearly not a disqualifying act of larceny,

can constitute a disqualifying act of wilful misconduct. This appeal followed.

Our examination of the record and briefs and our consideration of the parties' arguments persuades us that the judgment of the trial court should be affirmed. The issue presented at trial was resolved properly in the court's thoughtful and comprehensive memorandum of decision. See *Administrator, Unemployment Compensation Act* v. *Moffett*, 46 Conn. Sup. 579, 760 A.2d 1287 (1999). Because that decision fully addresses the argument raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on that issue. See *Cuyler* v. *Board of Education*, 59 Conn. App. 339, 340, 757 A.2d 635 (2000).

The judgment is affirmed.