[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Administrator, Unemployment Compensation Act ("Administrator"), appeals the Employment Security Appeals Division, Board of Reviews ("Board") determination that a claimant cannot be disqualified from receiving unemployment compensation benefits for wilful misconduct for stealing $25 or less of property or services. The issue presently before the court in these seven consolidated appeals[1] is whether persons who have lost their jobs for larceny of less than $25 worth of property are disqualified from receiving unemployment compensation benefits under General Statutes § 31-236(a)(2)(B). The court finds that pursuant to § 31-236(a)(2)(B), an employee who steals property valued at $25 or less may not be disqualified for larceny, but may be disqualified for wilful misconduct. CT Page 5066
The Administrator is specifically authorized by General Statutes § 31-249b to appeal a Board's final decision. The Board is authorized pursuant to § 31-249c to appear as a party in any proceeding before a reviewing court. Pursuant to Practice Book § 22-9, "[s]uch appeals are heard by the court upon the certified copy of the record filed by the board."[2]
The records establish that each of the claimants were discharged from their employment due to the theft of property with a value of $25 or less. Bliven, a cashier at Staples, Inc., stole a lock worth $24.99. Jessup stole a pound of pastrami valued at $9.98 from his employer, Crown Super Market. Solek, a clerk at Waldbaum Food Mart, stole $9.82 worth of groceries. Kinlock, a dietary assistant at Fairfield Manor, stole food items from her employers kitchen worth less than $25. Leaks, a line cook at Chili's Grill Bar, stole steaks worth $18. Moffett stole less than $25 worth of beer from his employer, Hartford Distributors, Inc. Wilson, a sales clerk at Follett College Stores Corp., Inc., stole $5 worth of merchandise.
Such single incidents of petty larceny would not have constituted grounds for disqualification prior to the passage of Public Act 1995, No. 95-323, which amended the disqualification statute, § 31-236. Prior to the 1995 amendments, disqualification would occur for "felonious conduct," larceny of currency or property which value exceeds $25, or repeated wilful misconduct. Thus, under the latter scenario, single incidents of theft would not disqualify a fired employee from receiving unemployment compensation benefits.
Public Act 95-323, however, deleted the reference to "repeated" wilful misconduct, and redefined "wilful misconduct" as "deliberate misconduct in wilful disregard of the employers interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied. . . ." (Emphasis added.) Public Act 1995, No. 95-323, codified as General Statutes § 31-236(a).
The position of the Board is that petty larceny of property valued at $25 or less cannot constitute disqualification because of the plain language of our Unemployment Compensation Act compel us to maintain the validity of the larceny provision and to find that a claimant cannot be disqualified under the wilful misconduct provision for stealing $25 or less of property or services. CT Page 5067
The court rejects such construction of General Statutes §31-236 and finds it inconsistent with the clear language and structure of the statute.
Section 31-236 of the General Statutes, entitled "Disqualifications," sets forth in great detail disqualifying circumstances for unemployment compensation. Subsection (a)(1) of that statute deals with the applicants unavailability for work. Subsection (a)(2) addresses the disqualifying termination scenarios. Under subsection (a)(2)(B), the disqualifying grounds are discharge: for felonious conduct; for larceny of property or services valued at over $25; larceny of any amount of currency; wilful misconduct in the course of employment; just cause; or participation in an illegal strike.[3]
The issue here is whether a theft of $25 or less of property or services, clearly not a disqualifying larceny, can constitute a disqualifying wilful misconduct. The answer must be yes. Prior to Public Act 95-323, repeated petty thefts could amount to repeated wilful misconduct. See Cone v. Duncaster, Inc., Board Case No. 1195-86-BP (November 6, 1986). Under the current provision, similarly repeated thefts would most clearly constitute wilful misconduct.
The obvious intent of the larceny provision is to lessen the penalty for a fired employee who has stolen something of small value. This, however, does not elevate such thefts to protected activity for which an employee would never be disqualified.
A somewhat analogous statutory structure and result is addressed in Tucker v. Board of Education, 177 Conn. 572 (1979). In that case, a tenured teacher who took a leave of absence faced termination of her employment. General Statutes § 10-151(b) set forth the grounds for terminating a teachers contract of employment. The six grounds included two relevant to the proceedings against Ms. Tucker, "insubordination against reasonable rules of the board of education" and for "other due and sufficient cause."
The Supreme Court agreed with the trial court that the Board of Educations denial of the leave request was a decision not a "rule" of the Board. Tucker v. Board of Education, supra,177 Conn. 575. Thus, the contract could not be terminated for "insubordination against reasonable rules of the board of CT Page 5068 education." Id., 576. The Board of Education, however, successfully argued on appeal that the insubordination against its decision would constitute valid grounds under "other due and sufficient cause." "The Board contend[ed] that insubordination in and of itself constitutes `other due and sufficient cause for the termination of the plaintiff's contract and is a valid statutory basis for dismissal under the provisions of 10-151(b)(6). We agree with the board's contention." Id., 577; see also Tucker v.Board of Education, 190 Conn. 748, 750 (1983) ("Tucker II") (where after remand the statutory analysis in Tucker I was reviewed and approved.)
Similar to the Teacher Tenure Act § 10-151, the Unemployment Compensation Act § 31-236 contains nothing to exclude from a general ground behavior of the character if not the severity of a separate more specific ground. Insubordination, though not amounting to insubordination against reasonable rules "did constitute other due and sufficient cause." In these cases, larcenies though not meeting the ground of disqualification for larceny of over $25 value, could constitute "wilful misconduct".
This construction of § 31-236 is buttressed by consideration of the revised "wilful misconduct" definition from Public Act 95-323. The instances of petty larceny would have to be considered "deliberate misconduct in wilful disregard of the employers interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied.
The facts certified in the Gilliard v. Hartford Club, Board Case No. 729-BR-96 (May 13. 1996) would meet the statutory wilful misconduct definition.[4] In that case, the employee was observed concealing food items on her person then placing them in her locker. The items were then found in the locker and no explanation was offered by the employee. The employer's policy was to immediately dismiss any employee for stealing regardless of the value. The employee was provided a copy of the rule in writing. Other employees had been discharged for violating the employer's rule against stealing.
The wilful misconduct inquiry references different criteria than the larceny provision. A demonstrated larceny of property valued at over $25 disqualifies a claimant. Wilful misconduct requires not only proof of the larceny, but the existence of a reasonable and uniformly enforced rule or policy. If minor CT Page 5069 pilferage had been tolerated in the past, then an employee for petty theft might not be disqualified. Such a defense would not seem to lie for the larceny disqualification. See Figueroa v. C S Ball Bearing, 237 Conn. 1 (1996) (stating statutes must be read as a whole and interpreted so as to give effect to all of its provisions); Pintavalle v. Valkanos, 216 Conn. 412 (1990) (same); see also Board of Education v. State Board of Labor Relations,217 Conn. 110 (1991) (stating statute is construed as whole and its subsections are read concurrently so that reasonable overall interpretation is reached.)
Contrary to the Board's claim the Administrator's position does not read out or by implication repeal the larceny disqualification of § 31-236. It remains a valid ground for automatic disqualification.
"In matters of statutory interpretation, we are guided by well established principles, paramount among which is the principle that our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to existing legislation and common law principles governing the same general subject notice. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted). Assn. of Not-for-Profit Providers for the Aging v.Dept. of Social Services, 244 Conn. 378, 391 (1998); State v.Spears, 234 Conn. 78, 86-87, cert. denied, 516 U.S. 1009,116 S.Ct. 565, 133 L.Ed.2d 490 (1995).
The intent of Public Act 95-323 was to broaden the scope of disqualification, especially with respect to the nature of the termination. Petty larcenies which were not severe enough to invoke the larceny disqualification may be enough to invoke the wilful misconduct disqualification. The elimination of the "repeated" criteria from the "wilful misconduct" disqualification would logically effect the consequence of a single petty larceny. This is further evidenced by the revised definition of wilful misconduct. The requirement of reasonable and uniform application would seem to be the focus of the petty larceny cases. The larceny disqualification thus retains its vitality. An employer seeking to contest the qualification for compensation of an employee terminated for theft of $26 worth of property need only document the theft. If the property was worth $25 or less, the CT Page 5070 issue would be wilful misconduct. The burden of proof would include not only the theft but a reasonable publicized and uniformly enforced policy, reasonably applied.
In its decision, the Board ignores this construction of the statute and insists that the larceny provision must be amended to accomplish a disqualification for a larceny of $25 or less. The history of the larceny disqualification is also informative as to legislative intent. The original larceny disqualification, Public Act 1981, No. § 81-318, 1, referenced larceny in the third degree. Section 53a-124 larceny in the third degree was a class D felony until such act was amended in 1982 by Public Act 1982, No. 82-271. In 1985, Public Act 1985, No. 85-26 substituted $50 larceny for larceny in the third degree. In 1993, Public Act 1993, No. 93-243, § 5, decreased the amount of the larceny disqualification from $50 to $25. In the court's view, Public Act 95-323 is a continuation of a legislative intent to further restrict unemployment compensation for cause related terminations. Now, a single incident of petty larceny may meet the standard of a wilful misconduct disqualification.
The Board seeks in this review judicial deference to its statutory construction. These cases represent the Board's initial application of the Public Act 95-323 revisions. The interpretation and construction of a statute is uniquely the function of courts not administrative agencies. Bezzini v.Department of Social Services, 49. Conn. App. 432, 436 (1998);Connecticut Light Power Co. v. DPUC, 219 Conn. 51, 57-58
(1991); Assn. of Not-for-Profit Providers for the Aging v. Dept.of Social Services, supra, 244 Conn. 389.
For the reasons set forth above, the court finds the issues for the plaintiff The appeal is sustained and the case remanded to the Board to vacate its decision.
Robert F. McWeeny, J